[L. A. No. 149.  Department One.—November 19, 1896.]

## JOSEPH HORTON, ADMINISTRATOR, ETC., APPELLANT, *v.* R. E. JACK, RESPONDENT.

APPEAL—LAW OF THE CASE.—Where the facts appearing upon a second ap-
peal do not differ from those disclosed upon a former appeal, the decis-
ion upon the propositions of law, based upon those facts, rendered
upon the former appeal, is the law of the case, and is decisive upon the
second appeal.

ESTATES OF DECEASED PERSONS—TRANSFER OF PERSONAL PROPERTY BY EX-
ECUTRIX—WANT OF CONFIRMATION—PAYMENT OF INDEBTEDNESS—CON-
VERSION BY GRANTEE—AGENCY FOR BANK—LIABILITY OF PRESIDENT.
No sale of any property of a deceased person passes any title unless it
is confirmed by the probate court, and it is immaterial whether it was
sold to pay a debt of the estate, or a debt of the sole legatee under the
will; and if property of the estate is conveyed without confirmation,
by the executrix, who is such sole legatee, to the president of a bank to be
sold by him, and the proceeds applied to the payment of her debt to
the bank, such sale and application of the proceeds to the use of the
bank, is an unlawful conversion of the property by him, for which he
is individually liable, and the administrator, with the will annexed,
may recover from him the value of the property.

ID.—EQUITIES AGAINST EXECUTRIX AS SOLE LEGATEE—PAYMENT OF HER
DEBT TO BANK—ACTION FOR CONVERSION—INSUFFICIENT DEFENSE—
REMEDY OF BANK.—Equities of the bank against the executrix, who
was the widow and sole legatee of the deceased, and who conveyed the
property to the president of the bank, under an agreement that it
should be sold and the proceeds applied to the payment of her indebt-
edness to the bank, cannot constitute a defense to an action by the
administrator, with the will annexed, to recover the value of the prop-
erty from the president of the bank, for an unlawful conversion thereof
by him to the use of the bank; but such equities must be asserted upon
distribution of the estate, or in some other appropriate proceeding.

ID.—RIGHTS OF ADMINISTRATOR TO RECOVER PROPERTY OF ESTATE—IN-
DEBTEDNESS OF ESTATE NOT MATERIAL.—Until distribution of the es-
tate, the administrator is absolutely entitled to the possession of all the

personal property of the estate, and any interference with the property by any person which has the effect of depriving the administrator of the possession is a conversion, and he is entitled to recover therefor without proving an indebtedness to satisfy which the property is necessary.

NEW TRIAL—BILL OF EXCEPTIONS—DATE OF SERVICE—AMENDMENTS—OBJECTION UPON APPEAL FOR FIRST TIME.—It cannot be objected upon appeal for the first time that the bill of exceptions used on motion for a new trial was served more than ten days after service of the notice of intention to move for a new trial, where it appears that the respondent proposed amendments to the bill, and did not raise the objection in any way in the court below.

ID. — SETTLEMENT OF EXCEPTIONS — NOTICE — DELIVERY TO CLERK FOR JUDGE—ACTION OF JUDGE—WAIVER OF OBJECTION.—Where the draft of the bill of exceptions and the proposed amendments are delivered to the clerk for the judge within the ten days allowed therefor, no notice of the settlement is required from the moving party, and where the judge settles the bill in the presence of the attorneys for both parties, without having fixed a time for settlement, and given previous notice thereof under section 650 of the Code of Civil Procedure, objection cannot be urged for the want of such previous action of the judge, unless made at the time of settlement.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial.   V. A. GREGG, Judge.

The action was brought by the plaintiff as administrator, with the will annexed, of James A. Brown, deceased, against R. E. Jack and the First National Bank of San Luis Obispo, to recover the value of certain personal property alleged to be the property of the estate, and to be of the value of seven thousand dollars, and to have been unlawfully converted by defendants.   Upon the first trial judgment of nonsuit was rendered in favor of both defendants, which was affirmed upon the first appeal as to the bank, and reversed as to R. E. Jack. The property was conveyed by Mrs. Catherine J. Brown (the executrix of the will of the deceased, who was also the widow and sole legatee under the will) to R. E. Jack (the president of the First National Bank of San Luis Obispo) as security, to be immediately sold by him, and the proceeds applied on Mrs. Brown's personal guaranty to the bank of payment by G. W. Kenney of advances made to him by the bank.   The deceased in

his lifetime had made a like guaranty, but no claim thereupon was presented against the estate, and Mrs. Brown, after her husband's death, made a new guaranty and assumed all indebtedness of the deceased, upon his guaranty, and treated it as her individual indebtedness. Further facts are stated in the opinion of the court rendered upon the first appeal reported in 37 Pac. Rep. 652–55, and in the opinion of the court rendered upon the present appeal.

*M. C. Hester*, and *Graves & Graves*, for Appellant.

*Wilcoxon & Bouldin*, and *J. M. Wilcoxon*, for Respondent.

VAN FLEET, J.—This is the second appeal in this case. On the first appeal the cause was remanded for a new trial as between the plaintiff and the defendant Jack. The opinion on that appeal will be found in 37 Pac. Rep. 652, where the facts are fully stated. The second trial resulted in a verdict and judgment for defendant, and plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

It is contended by appellant (and this is the only question which need be considered) that the facts disclosed on the second trial are substantially the same as on the first trial, and that the decision on the former appeal is, therefore, the law of the case, and requires a reversal of the judgment. Respondent claims that the evidence is now substantially different, in that it shows that the debt to pay which the property in controversy was sold, was the debt of the deceased, and not that of Catherine J. Brown; that the executrix had the right to pay that debt from the funds of the estate, although it was not formally presented against the estate, and although such payment was not approved by the probate court; and that the taking of the property to pay that debt did not amount to a conversion.

1. The *facts* as to the debt in question, as proved on the second trial, did not differ from those disclosed on

the first trial. It appeared then, as it does now, that the deceased, in his lifetime, guaranteed the payment by Kenney of such sums as should be advanced to him by the bank of which the defendant Jack was president; that some such advances were made during the lifetime of the deceased; that after his death his widow, Catherine J., made a new guarantee, in her own name, of the like character; and that all the subsequent advances were made under the latter guarantee. It was not then shown, nor is it shown now, what was the amount of the advances made before Brown's death, further than that it was "between two and three thousand dollars." It was admitted by the answer that the defendant Jack received of the proceeds of the sale in question, four thousand two hundred and thirteen dollars and ten cents, which he turned over to the bank, and that there still remained unsold a portion of the property of the value of three hundred and sixty-seven dollars and sixty cents. Mr. Jack testified on the second trial that, upon the death of Mr. Brown, Mrs. Brown "assumed whatever indebtedness there was, and it became her indebtedness," and that after Mr. Brown's death he "treated it as her individual indebtedness." It also appears, as it did before, that no claim against the estate for any portion of this indebtedness was ever presented to the executrix. Under these circumstances, the statement of Mr. Jack, that the proceeds of this sale were used to wipe out the indebtedness of the deceased, James A. Brown, was merely a statement of the conclusion of the witness, not supported by the facts to which he testified. Moreover, the answer (which was not amended in that respect) expressly alleges that the proceeds of the sale were applied and credited upon an indebtedness of Catherine J. Brown to the bank, and that it was originally agreed that they should be so applied; and no mention is made of any indebtedness of the estate. We are, therefore, unable to perceive that the facts on the second trial differ at all from those on which our former opinion was predicated; and the propositions of law there

decided are therefore decisive of the case on this appeal. (*Benson* v. *Shotwell*, 103 Cal. 163.)

2. No sale of any property of the estate of a deceased person passes any title unless it is confirmed by the probate court (Code Civ. Proc., sec. 1517); and although under section 1632 the executrix might be credited with the amount of a debt of the estate, paid by her without the affidavit and allowance prescribed by law, that credit could be allowed only by the probate court, and upon the evidence prescribed by that section. It follows that even if this property had been sold by the executrix to pay a debt of the estate, that sale would not pass the title to the property without confirmation by the probate court, and the appropriation of the proceeds of the property by Jack, to the use of the bank, would be unlawful.

The order of sale, upon which alone the authority of the executrix to sell this property could be based, was made upon the petition of the executrix, which recited that no claims had been presented, and that she knew of no debts or claims against the estate; and the order itself recites, that with the exception of two claims for small amounts filed subsequent to the petition, there were no debts or claims against the estate except the cost of administration thereof. In her return of sales under this order, the executrix reported that she had sold this property to satisfy her individual liability to the bank, and, on this showing, the court refused to confirm the sale. She also filed an account of the proceedings in the administration, in which she treated this property as still on hand, and did not ask or receive any credit for the payment of any debt of the estate.

Whether or not then, this sale was in fact made to satisfy a debt of the estate, it is clear that neither the sale nor the supposed payment was sanctioned by the probate court, and that therefore, the title to the property remained in the estate, and, under the decision on the former appeal, the administrator was entitled to treat the property as converted by Jack, and to recover its

value from him.   Whatever equities the defendant may have against Mrs. Brown may be asserted upon distribution, or in some other appropriate proceeding, but they constitute no valid defense to this action.

3. Respondent further contends that it now appears that there are no debts outstanding against the estate, and that notice to creditors was duly given, and that there was sufficient money in the hands of the executrix to pay all expenses of administration.   It also appears however, that none of this money has come into the hands of the present administrator, and that he has no funds for the payment of expenses of administration.

But, furthermore, it was distinctly decided upon the former appeal, that until distribution the administrator is absolutely entitled to the possession of all personal property of the estate; that any interference with that property, by any person, which has the effect of depriving the administrator of the possession is a conversion, and that he is entitled to recover therefor without proving an indebtedness to satisfy which the property is necessary.

4. Respondent objects to the consideration of the bill of exceptions on the ground that it was served more than ten days after the service of the notice of intention to move for a new trial, and on the ground that " it was not settled until sixteen days after the amendments had been proposed, and then without any notice and over objection."   The former objection was not taken in any way in the court below, though defendant proposed amendments, and therefore, it cannot be considered here.   (Hayne on New Trial and Appeal, sec. 145, subd. 3, sec. 146; *Patrick* v. *Morse*, 64 Cal. 462.)

As to the latter objection, it appears that on June 27th defendant served his proposed amendments to plaintiff's bill, and that on the same day the bill and amendments were delivered by plaintiff to the clerk for

the judge. They were delivered by the clerk to the judge on the same day. On "law day," July 13th, the judge, without previous notice, settled the bill, the attorneys for both parties being present, and directed the bill to be engrossed by plaintiff within ten days. No objection on any ground appears to have been interposed at that time. The engrossed bill was delivered to the judge within the ten days allowed. On August 31st, the judge, at the request of plaintiff, amended the engrossed bill by inserting certain instructions, defendant objecting on the ground that they were "not part of the bill as settled." Thereupon, for the first time, defendant "objected to the settlement of the bill because no notice was given of the settlement."

This objection came too late—certainly so as to all of the bill except the three instructions inserted on that day. The settlement of the bill took place on July 13th, and no objection was made at that time. The bill having been delivered to the clerk, no notice of settlement was required from plaintiff. (*Mellor* v. *Crouch*, 76 Cal. 594.) If the failure of the *judge* to fix a time for the settlement and give previous notice thereof, under section 650, can ever invalidate the settlement of a bill when the attorneys for both parties are actually present, it certainly cannot have that effect, unless, *at the time*, objection be made on that ground. As the statute only requires the judge to "designate the time at which he will settle the bill," and the clerk to "immediately notify the parties of such designation," it would seem that the judge, while holding court, and both parties being present, might designate that very time for the settlement of the bill. Such a designation, in the absence of anything showing an abuse of discretion, must be held sufficient. No objection having been taken at the time, it must be presumed that the defendant had an ample opportunity to be heard upon the settlement. We think, therefore, that the objections are not well taken, and that appellant is entitled to have the bill of exceptions considered upon this appeal.

The judgment and order are reversed and the cause remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.