[Sac. No. 760.  Department Two.—December 28, 1900.]

JOHN H. BOVARD, Appellant, v. G. L. DICKENSON, Respondent.

ACTION UPON NOTE—ISSUE AS TO ASSIGNMENT AND OWNERSHIP—BURDEN OF PROOF.—In an action upon a note by one other than the payee thereof, where the assignment of the note to the plaintiff and his ownership thereof are put in issue, the burden is upon the plaintiff to prove them, and upon his failure to do so, judgment is properly rendered against him.

ID.—ASSIGNMENT BY EXECUTRIX OF ANOTHER STATE—PRESUMPTION AS
TO LAW—FAILURE OF PROOF.—Where the only proof given was that
of an assignment made by the executrix of the deceased payee
appointed in another state, without any proof of the law of
such state, or of an order of court authorizing such transfer,
the law of such state must be presumed to be the same as
the law of California, and the plaintiff cannot recover.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial. Ed-
ward I. Jones, Judge.

The facts are stated in the opinion.

R. W. Dodge, for Appellant.

The assignment by the executrix was valid. (*McCully v.
Cooper*, 114 Cal. 262[1]; *Harper v. Butler*, 2 Pet. 239; *Campbell
v. Brown*, 64 Iowa, 425[2]; *Peterson v. Chemical Nat. Bank*, 32
N. Y. 47[3]; Bliss on Code Pleading, 2d ed., secs. 49, 51.)

Budd & Thompson, for Respondent.

The law of Missouri was not proved, and must be presumed
to be the same as that of California forbidding the transfer of
personal property by an executor or administrator without an
order of court. (Code Civ. Proc., sec. 1517; *Wickersham v.
Johnson*, 104 Cal. 408[4]; *Rankin v. Newman*, 114 Cal. 635, 660.)

GRAY, C.—Appeal from a judgment in defendant's favor
and from an order denying plaintiff's motion for a new trial.

This action was commenced by filing a complaint on Novem-
ber 5, 1898. In that complaint it is alleged that on June 1,
1885, at Atchison, Kansas, the defendant made and delivered
his promissory note for eight hundred and twenty dollars and
interest, due ninety days after date, to one J. A. Bovard; and
thereafter, on December 30, 1894, and February 4, 1898, at
Stockton, California, in consideration of the foregoing facts and
said indebtedness, the said defendant signed two several writ-
ings, whereby he acknowledged the said indebtedness and prom-

[1] 55 Am. St. Rep. 66.          [3] 88 Am. Dec. 298.
[2] 52 Am. Rep. 446.             [4] 43 Am. St. Rep. 118.

ised to pay the same according to the terms of said promissory note. It is also alleged that said promissory note and indebtedness and said writings, and every claim and cause of action thereunder against defendant, were duly assigned and transferred to the plaintiff herein, and ever since said assignment plaintiff has been and now is the owner of the same.

The answer specifically denied the alleged assignment and ownership, and the four year statute of limitations was also pleaded therein. From the evidence it appears that the payee of the note, J. A. Bovard, died in Missouri in 1894, and that Lucy S. Bovard, appointed in that state as the executrix of his estate, attempted to assign and transfer to plaintiff by instrument in writing, executed by her as such executrix (presumably in the state of Missouri), all the claim and cause of action of said estate under said two instruments of writing. The said executrix also attempted to assign the said promissory note to plaintiff by a written indorsement on the back thereof signed by her as executrix. There is nothing to show that this action of the executrix was authorized by any order of the court having jurisdiction of said estate. Nor is there anything to show that the transfer by the executrix to plaintiff was intended merely for the purpose of collection or for any other purpose than that of an absolute assignment, sale, and transfer to said plaintiff as indicated by the said written transfer.

The assignment being denied, the burden was on the plaintiff to prove it. This we think he failed to do. There being no evidence as to the law of Missouri, it will be deemed, for the purposes of the case, to be the same as the law of California. In California, the personal property of a decedent, including choses in action, passes to the heirs or devisees, and no sale can be had without the order of the court. (Code Civ. Proc., secs. 1517, 1524.)

This case cannot be distinguished in principle from *Wickersham v. Johnson,* 104 Cal. 407,[5] which was approved as to the question here considered in *Rankin v. Newman,* 114 Cal. 635, 660; and on the authority of these two cases we hold that the assignment and transfer of the claim and indebtedness from

---

[5] 43 Am. St. Rep. 118.

the executrix to plaintiff without authority of the probate court was invalid, and the finding adverse to said alleged assignment is supported by the evidence. This being so, plaintiff cannot recover, and the other points urged by him are immaterial.

We advise that the judgment and order be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Temple, J.