[L. A. No. 1125.´ Department Two.—October 10, 1903.]

KATE C. SNYDER, Administratrix of Estate of James A. Brown, Deceased, Appellant, v. R. E. JACK, Respondent.

APPEAL—FORMER DECISION—LAW OF THE CASE.—A decision rendered upon a former appeal becomes the law of the case upon a subsequent appeal where the facts and evidence are the same upon both appeals, with an immaterial exception.

ID.—ACTION BY ADMINISTRATRIX—SALE OF PERSONAL PROPERTY BY WIDOW—DEFENSE—MUTUAL MISTAKE OF LAW—RESCISSION.—In an action by an administratrix of the estate of a deceased person to recover personal property of the estate sold by the widow individually to the defendant, an amended answer interposed on the last trial setting up that the sale was under a mutual mistake of law, and that defendant is entitled to rescind the contract of sale, to which the administratrix was not a party, presents no defense; and evidence of such mutual mistake is not a material exception affect-

ing the law of the case as fixed upon a former appeal, where the
facts and evidence are otherwise the same upon both appeals.

ID.—REVERSAL OF JUDGMENT FOR DEFENDANT—RIGHT TO SHARE IN ES-
TATE.—The reversal of a judgment for the defendant in such action,
on account of a departure from the law of the case as determined
upon a former appeal, cannot affect the right of the defendant
to such share in the estate as may be distributable to the estate or
successor of the widow.

APPEAL from a judgment of the Superior Court of Santa
Barbara County and from an order denying a new trial.
B. T. Williams, Judge presiding.

The facts are stated in the opinion of the court, and in
the former decisions therein referred to.

M. C. Hester, and W. P. Butcher, for Appellant.

R. B. Carpenter, for Respondent.

THE COURT.—This is an appeal by plaintiff from a judg-
ment in favor of defendant, and from an order denying her
motion for a new trial.

This case has been here three times, and the decisions on
those appeals are reported respectively in *Horton* v. *Jack,*
37 Pac. 652; *Horton* v. *Jack,* 115 Cal. 29; and *Horton* v. *Jack,*
126 Cal. 522. Subsequently, Horton died, and the present
plaintiff was substituted in his place.

The facts are fully stated in the former decisions, and it
is unnecessary to repeat them here. At the last trial the facts
and evidence were the same as on the former trial, with one
exception, which is immaterial. Before the last trial the de-
fendant filed an amended answer, in which he averred that
the sale of certain personal property of the estate of James
A. Brown by Mrs. Catherine J. Brown, in her individual capa-
city, to the defendant Jack—and which constitutes the sub-
ject of the litigation—was made under a mutual mistake of
law because Mrs. Brown and Jack each erroneously believed
that the former had the legal right to sell the property to the
latter. There was some evidence as to this mutual mistake;
but in other respects the evidence and facts were the same as
on the other appeals. But if it be conceded that there was this

mutual mistake by Mrs. Brown and Jack, it would afford no defense to this action. Assuming the rule to be, that a contract made through a mutual mistake of law may give a right to one of the parties thereto to rescind, or to have some other legal remedy against the other party, still such rule could not apply to the case at bar. The plaintiff here representing the estate was not a party to the sale or to the mistake; and the estate is in no way affected by either. The case, therefore, on this appeal is the same as it was on the other appeals; and on the authority of the former cases above referred to the judgment and order denying a new trial must be reversed. It may be, as respondent's counsel asserts, that this action is prosecuted merely for the profit of those who want money out of which to get administration and attorney's fees; but this consideration cannot be allowed to override the law of the case as already established.

There is also an appeal from an order of the court below refusing to enter a certain judgment; but we are not prepared to say that the court erred in that matter, and that order is affirmed.

The judgment and order denying a new trial are reversed.

The following opinion was rendered by the court upon denying a petition for rehearing, November 9, 1903:—

THE COURT.—A rehearing of this cause is denied, but the court deems it proper to say in response to the petition for rehearing that the judgment in this case cannot affect any claim that the defendant may have to such share of James A. Brown's estate as may be distributable to the estate or successor of Catherine J. Brown.