Beeson v. Lotz.

No. 21,005.

NOVA P. BEESON, by MISSOURI C. STOCKWELL, as Guardian, etc., *Appellant*, v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al. (ADOLPH LOTZ, JR., as Administrator, etc., *Appellee*).

### SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE— *No Legal Beneficiary Named— By-laws— Party Entitled to Proceeds of Certificate.* Where the constitution and by-laws of a fraternal insurance brotherhood provide that if a member dies without having a legally designated beneficiary the beneficiary shall be his widow if he leaves a widow, the administrator of the widow's estate is entitled to collect on the beneficiary certificate if the widow dies before she has had time or opportunity to collect it herself.

2. SAME. The rights of a widow and of those who claim under her are as potent where she only survives her husband one hour as they would be if she survived him for a number of years.

3. SAME. Rules of equity can not be intruded in matters plainly and fully covered by positive statutes.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed July 7, 1917. Affirmed.

*J. B. Wilson,* and *B. V. Pardee,* both of Lawrence, for the appellant.

*John Q. A. Norton,* and *Walter G. Thiele,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action to determine the right of rival claimants to the proceeds of a beneficiary certificate for $1500 paid into court by the Brotherhood of Locomotive Firemen and Enginemen. The certificate was issued to Oscar H. Beeson, a member of that order. Beeson named his wife, Maud A. Beeson, as beneficiary. She died. Later, Oscar married one Carrie Walbridge, but after the death of Maud he never named another beneficiary. Still later Oscar and Carrie died by asphyxiation, Carrie surviving her husband by about an hour. Oscar and Carrie had no children.

A minor daughter of Oscar and Maud, the first wife, claims the money. The administrator of the estate of Carrie also claims it. The trial court, after examining the constitution and by-laws of the brotherhood, gave judgment in favor of Carrie's administrator. The pertinent by-law reads:

". . . Should there be no legally designated beneficiary then the fund shall be paid . . . in the order named: First, to the widow. Second, to the child or children. Third, to mother," etc.

This by-law of the brotherhood provides what becomes of the money when the member fails to designate a beneficiary. It goes to his widow if he leaves a widow. Oscar Beeson failed to name a beneficiary and he left a widow. That Oscar's widow only lived one hour after his demise can not affect the matter. Her rights would be no different, and neither greater nor less, if she had outlived him for half a century. Her administrator represents her estate and he is entitled to the money; he is bound to collect it; not to do so would be neglect of his duty. Neither can a distinction be countenanced because the sum due was only a *chose in action* and had not been paid to Carrie before she died. The duty of the brotherhood to pay it to the widow became absolute when Oscar died. Her death in one hour therefrom did not change the brotherhood's obligation. It still was absolutely bound to pay to the functionary provided by statute to receive and collect moneys due to a person at the time of his death.

The law gives every person of lawful age and full mental capacity the right to name those who shall take property under him at his death, whether by will, deed or gift, or by nomination as beneficiary of his insurance, or otherwise. Because men forget that in the midst of life we are in death and neglect to make provision for those most entitled to or most deserving of their bounty, the legislature has enacted a statute regulating the descent and distribution of property, and courts are sworn to uphold and enforce it. The proceeds of this beneficiary certificate, which by the regulations of the fraternal brotherhood devolved on Carrie at Oscar's death, and which she did not live long enough to enjoy or to bestow on others, pass by statute through the hands of Carrie's administrator to her parents who are her nearest heirs and who are

likewise Oscar Beeson's father-in-law and mother-in-law; and Oscar's daughter has no legal claim to this fund.

This situation is not one which could be remedied by invoking some rule of equity, because the subject is plainly covered by statute. Oscar in his lifetime made no provision that his daughter should receive any part of his beneficiary insurance if he should leave a widow surviving him, and no court can make that provision in his stead.

The judgment is affirmed.