[Civ. No. 6383. First Appellate District, Division One.—September 28, 1928.]

W. T. LASS, Appellant, v. EDWARD R. ELIASSEN, Respondent.

Knight, Boland & Christin for Appellant.

Crosby, Naus & Crosby, Milton W. Sevier and George M. Naus for Respondent.

TYLER, P. J.—Action by vendee to recover the rental of certain land purchased under a probate sale. A demurrer to the complaint was interposed and sustained. Plaintiff refused to amend and judgment went in favor of defendant. This is an appeal from such judgment. The complaint alleges defendant to be the duly appointed, qualified, and acting executor of the last will and testament of one Richard Flaherty, deceased. During the month of September, 1923, defendant, as such executor, caused a notice of sale to be published of his intention to sell a described parcel of real property to the highest bidder, subject to confirmation of the probate court. On the tenth day of October, following, plaintiff submitted a bid in writing signed by himself in the amount of $33,300. This was the highest bid received and defendant accepted the same

on October 19, 1923. On the same day plaintiff paid defendant the sum of $3,300 as deposit and part payment of the purchase price, whereupon defendant immediately filed a duly verified return to the probate court and petitioned for confirmation. At the hearing the court erroneously and contrary to law refused to confirm the transaction and ordered a new sale. From such order plaintiff took an appeal to the supreme court. After due hearing, the district court of appeal, to which court the cause was transferred, reversed the trial court and directed it to confirm the sale and cause the property to be conveyed to plaintiff pursuant to the return of sale. (*Estate of Flaherty*, 69 Cal. App. 429 [231 Pac. 591].) This judgment of the district court of appeal was confirmed by the supreme court upon its denial to grant a hearing. Subsequently, on February 15, 1925, some sixteen months after the original hearing upon confirmation, the probate court made an order confirming the sale as directed. On February 20th, following, plaintiff paid to defendant as executor of said estate the balance due upon the purchase amounting to the sum of $30,000, and on the same day defendant, as executor of the estate, caused to be prepared and delivered to plaintiff a deed conveying the real estate so sold. During the period from the time of the sale to the date of the delivery of the deed, defendant was in the possession of the property and collected the rents and profits. The rents so collected by him amounted to the sum of $3,367.98 to recover which this action is prosecuted. It will be noticed that the action is not brought against defendant in his representative capacity but individually. Upon this state of facts the trial court was of the opinion that no cause of action existed.

Appellant claims in support of his appeal that inasmuch as the confirmation should have been made by the probate court on the return of the sale and was erroneously refused through no fault of his, equity will consider that done which ought to have been done, and will hold that confirmation when made was effective as of the time it should have been made. He also contends that irrespective of the error of the probate court, by the doctrine of relation, confirmation when made related back to the date of sale so as to entitle plaintiff to the immediate rents. The further claim is urged that irrespective of these two points, and in any event, plaintiff, being the equitable owner from the date

of the sale, was entitled to the rents and profits from the time he became such owner. While this question has received consideration in other jurisdictions, it seems to be one of first impressions in this state. In some jurisdictions when the sale has been duly confirmed the purchaser is entitled to the rents and profits from the time of the sale; in others from the time of confirmation; and in still others from the time of confirmation and the payment of the purchase price. (35 C. J. 86.) The reason given for the first rule as pointed out by the learned trial court is that courts proceed upon the theory that the purchaser's title on confirmation relates back to the time of sale, while the rule holding that the purchaser is not entitled to the rents and profits until confirmation is based on the theory that he acquires no title until that time. A review of these conflicting authorities would answer no useful purpose. Section 1517 of the Code of Civil Procedure provides that all sales of property must be under oath, reported to and confirmed by the court, before the title to the property passes. ▇ Under the statute the representative of an estate has no authority to transfer property of a decedent, without authority of the probate court. (*Bovard* v. *Dickenson*, 131 Cal. 162 [63 Pac. 162].) Without confirmation such sales are ineffectual and no title or estate passes (*Horton* v. *Jack*, 115 Cal. 29 [46 Pac. 920]). In such a case it is only when all acts are performed which result in a sale, that a purchaser has any interest in the property sold. Then, and not until then, has he any title so as to entitle him to a conveyance. (*Budelona* v. *American Ins. Co.*, 279 Ill. 222 [130 N. E. 513]; *Standard Leather Co.* v. *Mercantile etc. Co.*, 131 Mo. App. 701 [111 S. W. 631].) ▇ Confirmation having been denied, defendant was therefore guilty of no breach of duty, statutory or otherwise, for prior to actual confirmation he had no power to execute an effectual conveyance. Nor did he have power to control the action of the probate court in the determination of the application for confirmation. He was a stranger to this act of the court. While the equitable doctrines invoked by appellant are regarded with favor and will be vigorously applied in proper cases between the parties, they will never be applied for the purpose of defeating equity or doing an injustice, nor will they be applied against an innocent stranger to a proceeding. (*Lewis* v. *Hall*, 38 Cal. App.

329 [176 Pac. 171]; *Cronback* v. *Aetna Life Ins. Co.*, 153 Tenn. 362 [284 S. W. 73].) The doctrines are designed to promote justice and to give effect to the lawful obligations of a party against whom complaint is made for refusing to perform some duty imposed upon him. Here, upon confirmation, defendant immediately executed the requisite conveyance, and he was under no legal duty to do so before that time. Then, again, no maxim nor any fiction can be applied to defeat the express terms of a statute. Section 1517 of the Code of Civil Procedure in express terms declares that no title passes until confirmation. The case is not one, therefore, for the application of equitable doctrines but rather one for the construction of an act of the legislature. ▪ Rules of equity cannot be intruded in matters that are plain and fully covered by positive statute (*Beeson* v. *Brotherhood of Locomotive Firemen, etc.*, 101 Kan. 399 [166 Pac. 466]). Neither a fiction nor a maxim may nullify a statute (*Harrison Machine Works* v. *Auferheide* (Mo. App.), 280 S. W. 711). Nor will a court of equity ever lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly (*Jackson* v. *Torrence,* 83 Cal. 521, 537 [23 Pac. 695]). Here defendant performed every authorized act required by him. Having done so, plaintiff has no cause of action against him in his representative capacity, much less as an individual.

Respondent urges the principle of unjust enrichment as a further ground for support of the judgment, claiming that as plaintiff has been in the enjoyment of the purchase price during the period the case has been litigated it should be deemed an equivalent to the rents and profits. The conclusion we have reached renders unnecessary a discussion of this question.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 29, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1928.

All the Justices concurred.