POPPKE, Respondent, v. POPPKE, et al, Appellant.

(231 N. W. 933.)

(File No. 7047. Opinion filed September 2, 1930.)

P. A. *Hosford,* of ·Winner, for Appellants.

*Windsor Doherty* and *C. E. Talbott,* ·both of Winner, for Respondent.

BROWN, P. J. On May 2, 1928, plaintiff, Herman Wilford. Poppke ·commencèd this action to quiet title to two hundred acres of land in Tripp county. He was the adopted son of Herman Poppke who acquired title to 40 acres of the tract from the United

States, and of Mary F. Poppke who acquired title from the United States to the remaining 160 acres. Herman Poppke died testate, and by his will devised to his widow Mary and to the plaintiff each an undivided half of the 40-acre tract. Mary Poppke was appointed guardian of Herman Wilford Poppke, who was then a minor, and by appropriate proceedings in the county court of Tripp county was authorized to sell plaintiff's undivided half, and pursuant to such authority she sold the same together with all her interest in the 40 acres, and likewise the 160 acres owned by herself, to John J. Leslie. The consideration for plaintiff's undivided half was $600, and this $600 was included in a $4,000 purchase-money mortgage given by Leslie to Mary Poppke, who by this time had remarried and was known as Mary Fehr. She took the note and mortgage for $4,000 in her own name individually and never accounted to plaintiff for the $600 which was the purchase price of his undivided half in the 40-acre tract. She removed from Tripp county to New Jersey and died there, testate, in August, 1922. By her will she gave a life estate in all her property to her husband, Louis N. Fehr, and provided certain specific legacies, but made no disposition of the residue of her estate. Emil Poppke was duly appointed executor of her will by the surrogate's court in New Jersey, and Leslie having defaulted in performance of conditions of the $4,000 note and mortgage, the executor commenced foreclosure by action in the circuit court in and for Tripp county. Pursuant to judgment in this action, the mortgaged premises were sold, the executor becoming the purchaser, and a sheriff's certificate of sale for the premises was issued to him. An assignment of this certificate to Theresa M. Schilling, acknowledged March 19, 1928, was recorded May 11, 1928, and three days thereafter, the redemption period having expired, a sheriff's deed for the 200 acres was issued to her. On May 16th by interpleader she was made a defendant, and by answer and counterclaim she set up her title thus acquired and demanded that title to the premises be quieted in her. The trial court, having found the facts as above set forth, concluded as a matter of law that plaintiff was the fee-simple owner of an undivided half interest in the 40-acre tract; that the assignment of the sheriff's certificate to defendant Theresa M. Schilling was null and void, and she acquired no right thereunder nor under the sheriff's deed issued to her on such assignment; and that she

had no interest in the land whatever. Pursuant to this decision, judgment was entered quieting title in plaintiff to an undivided half interest in the 40-acre tract, adjudging that he has an interest in the remaining 160 acres, the extent of which interest is not determined, and dismissing on the merits the counterclaim of Theresa M. Schilling. From this judgment and from orders denying a new trial, plaintiff and Theresa M. Schilling both appeal, Schilling contending that she should have been adjudged the owner in fee of the entire 200 acres, and plaintiff contending that he and Louis N. Fehr are the sole heirs of Mary Fehr and succeeded to all of her property subject to the life interest of Louis N. Fehr in the entire estate, and subject to the payment of the specific legacies mentioned in the will of Mary Fehr; that the land having been bid in by the executor on the foreclosure of the $4,000 mortgage should be charged with a trust in favor of plaintiff to the extent of $600, with interest from the time his undivided half interest in the 40 acre tract was sold.

 It is difficult, if not indeed impossible, to tell from the briefs of either or both of the appellants whether the $600 for which plaintiff's undivided half interest in the 40-acre tract was sold was received in cash or not. Plaintiff's brief at one place says that the county court confirmed a sale of the minor's half interest in the 40-acre tract to John J. Leslie for $600 cash, but that the guardian never accounted to plaintiff for any of this $600. At another place in this brief it is stated that the $600 was included in the $4,000 mortgage. The brief on behalf of Schilling says that the guardian received for plaintiff's undivided half "the sum of $600 from John J. Leslie." At another part of this brief Schilling's attorney stipulates that "no part of the $600 consideration as the purchase price for the half interest of the plaintiff was paid in cash but is all included in the said $4,000 mortgage." But whatever may be the fact as to this, plaintiff's counsel concede the regularity of the sale of plaintiff's undivided half interest in the 40-acre tract. The only complaint made on this point is that the guardian did not account for the $600. Since the purchaser is not required to see that the guardian properly accounts for the purchase price to the ward, it stands admitted that John J. Leslie acquired a good title to the entire 200 acres, and the only question demanding our attention is whether or not Schilling acquired title to the

land under the foreclosure proceedings of the $4,000 mortgage given by Leslie to Mary Poppke. The regularity of the foreclosure proceeding up to and including the issue of the sheriff's certificate of sale to Emil Poppke as executor of the estate of Mary Fehr is not questioned. It is contended, however, that it is not shown that the executor had any authority to assign this certificate of sale, and therefore no title is shown in Theresa M. Schilling. It is the duty of an executor to collect all debts due to the decedent or to the estate. Rev. Code 1919, § 3301. For this purpose a foreign executor may maintain an action in our courts to foreclose a mortgage on land situated in this state. Rev. Code 1919, § 3312; Germantown Trust Co. v. Whitney, 19 S. D. 108, 102 N. W. 304. The certificate of sale issued to Emil Poppke as executor upon the foreclosure of the $4,000 mortgage was personal property and remained like the mortgage, merely a lien on the land securing the indebtedness evidenced by the $4,000 note. Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Co-operative Lumber Co. of Hecla v. Treeby, 56 S. D. 313, 228 N. W. 390. The executor without any order of court would have had a right to assign and transfer the note and mortgage upon payment of the amount due thereon, 24 C. J. 210-213, and by parity of reasoning should have authority to assign the certificate on payment to him of the amount due thereunder.

A judgment or decree of foreclosure of a mortgage on real estate is personal property and is assignable by the mortgagee's administrator without any order of the court, and the assignment carries with it the mortgage and note secured thereby. Brand v. Smith, 99 Mich. 395, 58 N. W. 363.

A certificate of sale on mortgage foreclosure is personal property, and the executor of the will of the deceased owner of such certificate may assign it without any order of court, and the assignment transfers all the interest therein of the devisees under the will of which he is executor. Winterburg v. Van de Vorste, 19 N. D. 417, 122 N. W. 866. Plaintiff's contention that the burden of proof is on Theresa M. Schilling to show that she paid a valuable consideration for the assignment and took the same in good faith cannot be sustained. The assignment recites that it was given for value received, and a written instrument is presumptive evidence of a consideration, and the burden of showing a want of

consideration lies with the party seeking to invalidate or avoid it. Rev. Code 1919, §§ 848, 849. And the general rule is that all persons are presumed to act honestly and in good faith. 22 C. J. 146. In this state of the record plaintiff's contention that the land is impressed with a resulting trust in his favor for the $600 and interest is untenable. No implied or resulting trust can prejudice the rights of a purchaser or incumbrancer of real property, for value and without notice of the trust. Rev. Code 1919, § 373. If plaintiff's contention that such a trust arose in his favor be conceded, there is no evidence that Theresa M. Schilling had any notice either actual or constructive of any such trust.

The judgment and order denying a new trial are reversed on the appeal of Theresa M. Schilling, and the cause remanded for further proceedings in conformity with this opinion.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.