SHEARN, Appellant, v. FENTON, Respondent

(52 N. W.2d 830)

(File No. 9276. Opinion filed April 3, 1952)

**Whiting, Wilson & Lynn,** Rapid City, for Plaintiff and Appellant.

**Gale B. Wyman,** Belle Fourche, for Defendant and Respondent.

RUDOLPH, J. Plaintiff, claiming to own a judgment recovered by one Lovinger against defendant in Butte County in 1929, brought this action to recover upon such judgment. The trial court held that plaintiff had failed to establish the validity of an assignment of the judgment under which he claimed and dismissed the action. Plaintiff has appealed. We affirm the judgment.

Appellant states in his brief that one question only is presented. That question is: "In order to make out a prima facie case in a suit on a judgment assigned to the plaintiff by an executor or administrator, is it necessary to prove that the assignment was authorized and approved by the probate court?" Although the assignment by the executor was executed in California by an executor appointed in California the case was tried and submitted to the trial court, and is presented here under the laws of this state.

Respondent contends and the trial court held that under the provisions of SDC 35.1506, there was no authority in the executor to assign the judgment without an order of the county court, and, in any event, plaintiff had no title to the judgment unless the assignment was confirmed by the court. This section of our code as amended by Ch. 161, Laws of 1947 provides:

> "No sale of any property of an estate of a decedent is valid unless made under order of the county court, except as otherwise provided. All sales must be reported under oath, and confirmed by the county court, before the title to the property sold passes."

This provision of our law is clear and explicit. It applies to personalty and realty alike. SDC 35.1501, SDC 35.1512, SDC 35.1521; Rankin v. Newman, 114 Cal. 635, 46 P. 742, 34 L.R.A. 265; Section 1517 of the California Code of Civil Procedure was identical to SDC 35.1506, commenting thereon in the case of Lass v. Eliassen, 94 Cal.App. 175, 270 P. 745, 747, the California court said:

"Section 1517 of the Code of Civil Procedure provides that all sales of property must be under oath, reported to and confirmed by the court, before the title to the property passes.

"Under the statute the representative of an estate has no authority to transfer property of a decedent, without authority of the probate court. Bovard v. Dickenson, 131 Cal. 162, 63 P. 162. Without confirmation such sales are ineffectual and no title or estate passes. Horton v. Jack, 115 Cal. 29, 46 P. 920. In such a case it is only when all acts are performed which result in a sale that a purchaser has any interest in the property sold. Then, and not until then, has he any title so as to entitle him to a conveyance. Budelman v. American Ins. Co., 297 Ill. 222, 130 N.E. 513; Standard Leather Co. v. Mercantile etc., Co. 131 Mo.App. 701, 111 S. W. 631."

See also Annotations to Sec. 1517, Fairall's Code of Civil Procedure, California, Kerr's Code of Civil Procedure, 1920.

■ Appellant cites the case of Poppke v. Poppke, 57 S. D. 262, 231 N.W. 933, but in that case no mention was made of SDC 35.1506, Sec. 3420, Rev.Code 1919. The court in the Poppke case relied upon the statute relating to the duty of the executor to collect all debts due the estate. SDC 35.1101. The action of the executor in that case in assigning the certificate upon payment of the full amount due was treated as a collection of a debt. But in this case we are unable to construe the acts of the executor as anything other than a sale of the judgment. There was no showing that the executor received the full amount due on the judgment, and the judgment being more than nineteen years old at the time of the transaction, we will not presume that the full amount was paid.

We are of the view that our statute requires that the assignment of this judgment by the executor be confirmed by the court before title thereto passes to plaintiff.

Appellant also contends that should it be held that his title depends upon confirmation by the court, that, nevertheless, this is a matter of defense and he established a prima facie case when he introduced in evidence the assignment of the judgment. The defendant introduced no evidence in

the case but relied upon his position that it was incumbent upon plaintiff to prove his title, and failing to show an order and confirmation of sale of the judgment by the court plaintiff failed to prove title and cannot recover.

Throughout the proceedings defendant denied the validity of the assignment. It would seem, since title to the judgment is essential to plaintiff's cause of action, he should assume the burden of proving such title. From the assignment of the judgment it affirmatively appears the judgment was property of the estate and the sale thereof was made by the executor. The statute is clear, the sale is of no effect and no title passes unless the sale is confirmed. The assignment is no proof of a compliance with the statute and without such compliance plaintiff has no title. The situation is in many respects similar to that presented to the court in the case of Mears v. Smith, 19 S. D. 79, 102 N.W. 295. In that case it was held that an action cannot be maintained on a note by the heir of a deceased endorsee without proof by the probate records that he is owner of the note as distributee. In 50 C.J.S., Judgments, § 863 appears the general statement that "If plaintiff sues as assignee, he has the burden of proving the validity of the assignment." The California case of Bovard v. Dickenson, 131 Cal. 162, 63 P. 162, 163, is identical upon the issue presented. In that case the executrix assigned a note to the plaintiff. There was nothing to show that the action of the executrix was authorized by any order of a court having jurisdiction of the estate. The court said:

"The assignment being denied, the burden was on the plaintiff to prove it. This, we think, he failed to do. * * * In California the personal property of a decedent, including choses in action, passes to the heirs or devisees, and no sale can be had without the order of the court. Sections 1517, 1524, Code Civ. Proc."

Appellant contends that it must be presumed that the executor performed his duties according to law, and therefore, there is a presumption that the sale was ordered and confirmed by the court. "The rule is well established that the law presumes that a public official has done his duty, but it is equally well established that such presump-

tion cannot be used as a substitute for proof of a definite and material fact." Maney v. Boise Title & Trust Co., 116 Okl. 202, 244 P. 170, 172. So in this case we are of the opinion that a presumption should not be permitted to establish title in plaintiff. Plaintiff's title to this judgment must of necessity rest upon an order of the county court, and the question of title was the material and determining fact in the lawsuit. There is no showing that plaintiff was unable for any reason to produce the court order, if one exists, and the burden being upon him to establish his title we do not believe it unreasonable to hold that such order should have been produced. The presumption relied upon in the case of Poppke v. Poppke, supra, was simply the statutory presumption that a written instrument is presumptive evidence of a consideration.

The judgment appealed from is affirmed.
All the Judges concur.