# JOHN DEWEY

*v.*

# JOHN H. B. WILLOUGHBY.

1. JUDICIAL SALE — *liability of bidders.* Where a constable, having a junior execution issued upon a senior judgment, acting by authority of the plaintiff in his execution, bids on property of the defendant at a sale by another constable under a senior execution, the party for whom the bid is made will have to pay it, notwithstanding both he and the constable making the bid for him understood, at the time, that the proceeds of the sale would have to be first applied to the payment of his execution.

2. Where one bids on property at a constable's sale, for and in the name of another, the question as to his authority to make the bid, where the evidence on the question is conflicting, is one eminently for the jury, and if they find the authority existed, then the party for whom the bid was made will be liable for the amount of the bid.

3. SAME—*conditional bids.* A constable is not authorized to accept a conditional bid at a sale made by him under execution.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Appellee was a constable, and as such levied on a lot of wheat standing in the field, by virtue of two executions. At the sale, it is claimed, appellant became the purchaser, and having failed to pay for it, this suit was brought to recover the amount of the alleged bid.

The defense is, appellant's bid was upon condition it should be credited on a junior execution in his favor, then in the hands of constable Caswell, which had been issued on a judgment that was older than either of the judgments on which the executions had been issued, that were then in the hands of appellee, under which he was selling the property. It is claimed, appellant and Caswell were both of opinion the oldest judgment should be first satisfied out of the proceeds of the sale of the wheat, without reference to the date of the executions, and, it is said, it was under that belief the bid was made.

The jury having been most favorably instructed for appellant, as his counsel now insist the law is, the only point made is, the verdict is contrary to the weight of the evidence and the instructions of the court.

The bid that was made on the property was made by Caswell, acting on behalf of appellant, who, though present a short time before, was not present when the sale actually took place. There is no controversy as to the fact, Caswell was authorized to bid off the wheat for appellant, and, in pursuance of his instructions, he bid $60. The dispute is as to whether the bid was absolute or conditional.

The weight of the evidence seems to be, the bid made by Caswell, when announced in the presence of other bidders, was without conditions. Armstrong, who was interested in one of the executions in the hands of appellee, bid $59.90, and Caswell raised it to $60, when the property was struck off to appellant. All the witnesses present, except Caswell, testify the

bid was unconditional. The officer had no right to receive a conditional bid, and it seems singular he would receive such a bid, when there were *bona fide* bidders present.

It is claimed, however, that Caswell, if he made an unconditional bid, exceeded his instructions. This is the principal point in the case.

The evidence as to the nature of the instructions given to Caswell is conflicting—so much so as to make it eminently a case for the consideration of a jury. There was evidence from which they could find Caswell was authorized to purchase the wheat for appellant, without annexing any conditions to his bid. Appellant and Caswell both seem to have been under the impression the proceeds of the sale should be first applied to the payment of the oldest judgment, notwithstanding his was the junior execution. The jury may have found, and it would not be an unreasonable conclusion, the bid made was absolute, the parties resting in the belief the law would appropriate the proceeds of the sale to the discharge of the oldest judgment.

This theory of the case is most consistent with all the testimony and the acts of the parties. When it was discovered the law would not appropriate the proceeds of the sale to the oldest judgment, but it was the duty of the officer to apply the amount realized out of the sale of the wheat on the oldest execution, appellant declined to pay for it, notwithstanding it had been struck off to him on the bid made for him by Caswell.

On the whole evidence we are satisfied justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*