[Civ. No. 4970. First Appellate District, Division Two.—October 29, 1924.]

In the Matter of the Estate of RICHARD FLAHERTY, Deceased. W. T. LASS, Appellant, v. EDWARD R. ELIASSEN, Executor, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—PRIVATE SALE OF REAL PROPERTY —CONFIRMATION BY COURT—DISCRETION.—Where a sale of real property to the highest bidder is made privately by the executor, pursuant to power given by the last will and testament of the deceased, upon the hearing of the return if a ten per cent increased bid over the amount stated in the return of sale is not interposed and there is no evidence that the proceedings for the sale were unfair, the probate court has no discretion in the matter and must confirm the sale.

(1) 24 C. J., p. 173, sec. 654.

APPEAL from an order of the Superior Court of Alameda County refusing confirmation of a probate sale of real property. E. C. Robinson, Judge. Reversed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Appellant.

Milton W. Sevier and Henry G. Tardy for Respondent.

LANGDON, P. J.—This is an appeal by W. T. Lass from an order of the superior court, in and for the county of Alameda, denying confirmation of a sale of real property, which sale had been made by the executor of the last will and testament of Richard Flaherty, deceased, to said appellant for $33,300.

[1] The executor filed his return of sale of the real property, which sale was made privately pursuant to power given by the last will and testament of the decedent. The executor stated in his return that he had received the highest bid from appellant, in the sum of $33,300, and that prior to

1. See 11 Cal. Jur. 936.

said sale a contract had been entered into between certain real estate brokers and said executor whereby the executor had promised to pay the usual commission upon the amount of said sale. It was prayed that the sale be confirmed and that an order be made directing payment of the commission. out of the proceeds of the sale.

Upon the hearing there was offered in open court the sum of $35,576.75 for the property. The court, however, could not accept this bid because it was not ten per cent in excess of the price for which the executor had sold the property. After some discussion, the court stated that it had come to. the conclusion that it "would not be in furtherance of justice to confirm the sale," and made the order from which the appeal is taken.

Section 1517 of the Code of Civil Procedure requires that "All sales of property must be under oath, reported to and confirmed by the court, before the title to the property passes."

Section 1561 of the Code of Civil Procedure provides: "When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell any property of the estate at either public or private sale . . . but the executor must make return of sales as in other cases. . . . In either case no title passes unless the sale be confirmed by the court; but the necessity, advantage or benefit to the estate, or to those interested therein, of the sale need not be shown."

In the instant case the executor was bound to make a return of sale "as in other cases . . . but the necessity, advantage or benefit to the estate, or to those interested therein, of the sale need not be shown." The "other cases" are covered by the provisions of sections 1552 and 1554 of the Code of Civil Procedure, the pertinent portions of which read as follows:

"Sec. 1552. Hearing upon return. Vacation of sale. Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and must examine the return and witnesses in relation to the sale, and if good reason does not exist for such sale, or if the proceedings for the sale were unfair or the sum bid disproportionate to the value *and it appears that a sum exceeding such bid at least ten*

*per cent, exclusive of the expenses of a new sale may be obtained,* the court may vacate the sale and direct another to be had . . . ''

"If an offer of ten per cent more in amount than that named in the return be made to the court in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale."

"Sec. 1554. Order of confirmation of sale. If it appears to the court that there is reason for a sale upon the grounds set forth in section one thousand five hundred thirty-six of this code and that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, *and that a greater sum, as above specified, cannot be obtained* . . . the court *must* make an order confirming the sale, and directing conveyances to be executed."

It would seem from the foregoing statutes applicable to the situation that, under circumstances such as are presented in the instant case, unless a sum exceeding the bid at least ten per cent be made to the court by a responsible person, the court has no discretion in the matter and must confirm the sale.

This view is expressed in the case of *In re Pearsons,* 98 Cal. 603 at 613 [33 Pac. 451, 455], wherein it is said: "The scope of investigation by the court is limited to ascertaining whether the sale was legally made and fairly conducted and the sum bid not disproportionate to the value of the property sold and that a sum exceeding such bid, at least, ten per cent exclusive of the expenses of a new sale, cannot be obtained (Code Civil Procedure, sec. 1554). If any of these facts exist the court is authorized to vacate the former sale (*Estate of Durham,* 49 Cal. 490) ; but, unless such facts are shown to the court, the court must make an order confirming the sale. (Sec. 1554.)"

The opinion in *Estate of Leonis,* 138 Cal. 194 [71 Pac. 171] is to the same effect as the foregoing language.

The order appealed from is reversed, with directions to the trial court to confirm the sale.

Nourse, J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1924, and the following opinion then rendered thereon:

THE COURT.—The petition for a transfer and hearing by this court after decision by the district court of appeal is denied. We do not understand that decision to hold as petitioner contends, that in no case where a sale of real property has been made by an executor pursuant to power of sale in the will can the superior court refuse to confirm a sale of real estate until and unless a ten per cent increased bid over the amount stated in the return of sale should be interposed. That decision holds merely that such rule is applicable "under circumstances such as are presented in the instant case." It is to be noted that in the instant case there was no evidence that the proceedings for the sale were unfair and no evidence that upon a resale "it appears that a sum exceeding such bid at least ten per cent exclusive of the expenses of a new sale may be obtained." Under these circumstances the trial court was not justified in refusing to confirm the sale.

All the Justices concurred.