**In re NEBEL.**

No. 14290.

District Court, W. D. Pennsylvania.
April 19, 1930.

850

John N. Hyle and John H. Wilson, both of Butler, Pa., for trustee.

Ralph C. Davis and Calvert, Thompson & Berger, all of Pittsburgh, Pa., for petitioner Wise.

Jackson & Troutman and Marshall & Watson, all of Butler, Pa., for petitioning creditors.

GIBSON, District Judge.

Pursuant to an order of court of February 25, 1929, the trustee sold a lot of ground of the bankrupt, with dwelling house and outbuildings thereon, free and divested of liens. The purchaser at the sale was E. C. Wise and the purchase price $4,600, of which 10 per cent. was paid to the trustee as hand money. The sale was made on April 9, 1929, and was confirmed by this court on April 27, 1929. On May 21, 1929, E. C. Wise, the purchaser, filed his petition in this court, wherein he prayed the court to set aside the sale and order the return of the hand money paid to the trustee, on the ground that the trustee could not convey a marketable title.

Upon hearing, a rule to show cause was issued and an answer filed thereto by the trustee. Upon hearing it developed that the lot in question had been conveyed to the bankrupt by Catherine Agnes Kronenbitter and her husband, by deed dated March 27, 1908, and duly recorded in Butler county, Pa. Mrs. Kronenbitter had taken title to the lot by deed from George Baldauf and wife, dated July 28, 1894. The interest of George Baldauf was derived from his father, Henry Baldauf, then dead, who had conveyed his real estate, of which the lot in question was a part, by will dated September 19, 1891, and duly recorded in Butler county, to his two sons, George and Henry Baldauf. There is no deed by which the interest of Henry Baldauf, Jr., in the lot in question was conveyed to George Baldauf, Mrs. Kronenbitter, or Wendel H. Nebel, the present bankrupt.

The deed of George Baldauf and wife to Catherine Agnes Kronenbitter recites the lot as "being part of a larger tract of land of which Henry Baldauf died seized and by his will devised to his two sons, George and Henry Baldauf, and they by deed of fee taken divided the same and the part from which this lot is sold became the absolute property of George Baldauf, the present grantor, except the oil and gas right in said land of which the said Henry and George remain tenants in common."

In 1895, in a foreclosure proceeding upon all the land of Henry Baldauf, Sr., in Summit township, the lot in question had been levied upon by the sheriff, but Mrs. Kronenbitter and her husband presented their petition to the court, reciting their title through George Baldauf and wife, and, the facts being admitted, the court of common pleas of Butler county excluded the lot from the levy and it was not sold with the other land of Henry Baldauf.

When the lot was sold by George Baldauf and wife to Mrs. Kronenbitter, it was unimproved. Thereafter, a house was built upon the lot, and Mrs. Kronenbitter and the bankrupt have had open and notorious possession of the property since the conveyance from George Baldauf.

In our opinion, the petition to set aside the sale must be denied. Admitting the cloud upon the record title of the bankrupt to the lot in question, we can see no reason why the general rule applicable to judicial sales should not apply. By that rule the purchaser takes the title of the person whose interest is being sold. A proposed purchaser has the burden of satisfying himself as to the nature of the title to the land, and, if he fails to make proper investigation, the fault is his own if he obtains land of which the title is clouded. Nor is this rule set aside by the fact that the land was sold clear and divested of liens. A lien upon the interest of the bankrupt in the land in question is plainly distinguishable from the bankrupt's title. What was sold by the trustee was the bankrupt's interest in the land, free of all liens upon that interest.

The rule to show cause why the sale of the lot in question should not be set aside, and the trustee directed to return the hand money to the purchaser, must be vacated and the petition dismissed.