## BERNDT v LUSHER

Ohio Appeals, 6th Dist, Wood Co
No 500.   Decided April 6, 1931

Bowen & James and Alice M. Schultz, all of Bowling Green, for Berndt.

Raymond E. Ladd, Toledo, and Edward M. Fries, Bowling Green, for Lusher.

**RICHARDS, J.**

It is well-settled under the provisions of the section cited that the sister of the deceased husband would have an interest only in the event that the widow died intestate without children or their legal representatives and in possession of the identical property which came to her from her husband, as was held in **Guear, et al, v Stechschulte, Admr, et al, 119 Oh St 1, 8.**

The doctrine of equitable conversion of real estate into personalty, or vice versa, has long been a well-recognized principle of the law.  It is well stated in **9 Ohio Jurisprudence, 719,** in the language of Lord Thurlow, as follows:

"Money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted; and this in whatever manner the direction

is given; whether by will, by way of contract, marriage articles, settlement or otherwise; and whether the money is actually deposited or only covenanted to be paid, whether the land is actually conveyed or only agreed to be conveyed, the owner of the fund, or the contracting parties, may make land money, or money land."

The editor of that work follows the quotation just given with this pertinent statement:

"Thus where there is an absolute contract to sell land, though the contract is executory, the exchange is treated as having taken place, so that the vendor is considered the owner of the purchase money, and the purchaser is considered the owner of the land."

The doctrine is re-stated in **14 Ohio Jurisprudence, 240,** that where land is contracted to be sold, equity considers it as converted into personalty and that the vendor is the trustee for the purchaser and that the purchase money would go to the personal representative of the vendor and the interest of the vendee would descend to his heirs. The authorities, both English and American, seem to have uniformly treated as real estate the equity of the vendee in real estate held under a contract of purchase and the character of the estate of each is held to have been converted.

Hill v Heard, 42 L. R. A., N. S., 447;

Bowen, Admr. v Lansing, et al, 57 L. R. A., 643, 646.

The same principle is announced in In the Matter of the Estate of Dwyer, 159 Cal., 664, and in many other well-considered cases.

It may well be true that the descent of real estate is controlled by the legal title, but where valid enforcible contracts for the sale of the real estate are made, whoever takes the legal title, whether by descent or otherwise, takes it subject to the right of the holder of the contract of purchase to enforce the same. The interest of the vendor under a contract of purchase is a right to receive the balance of the purchase price, and that right, on the death of the vendor, passes to his administrator as personal property. The interest of the vendee under a contract of purchase is an equitable title to the real estate, equal to the amount of the purchase money which he has paid, which may ripen into a complete and perfect title upon payment of the balance of the purchase money and entitle him to a conveyance of the legal title. The legal and

equitable title had not united in the same person.

Holding these views, it results that, by the execution of the contracts of purchase and the taking possession thereunder by the various purchasers, the ownership of Delilah Emch in the real estate which she had received from her husband became converted into personalty and on her death the right thereto passed to her administrator to be distributed to her brothers and sisters as next of kin.

Judgment and decree for plaintiff.

WILLIAMS, J, concurs.

LLOYD, J, not participating.