(No. 23364.—

C. L. DORRIS, Appellant, *vs.* PAUL F. JOHNSON, Sheriff, Appellee.

*Opinion filed April 24, 1936.*

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, and Early & Early, for appellant.

Welsh & Welsh, (C. K. Welsh, of counsel,) for appellee.

Mr. Justice Jones delivered the opinion of the court:

C. L. Dorris, appellant, filed a petition in the circuit court of Winnebago county against Paul F. Johnson, sheriff, for a writ of *mandamus* to require him to execute sheriff's deeds to appellant forthwith for certain real estate alleged to have been purchased at execution sales by a bid of redemption money, interest and costs deposited by him with the sheriff. A demurrer to the petition was sustained. Appellant elected to stand by the petition and judgment was entered against him, from which this appeal was prosecuted.

The facts stated in the petition and admitted by the demurrer are, that the premises were sold to Annie Martegani by the master in chancery under a foreclosure decree against Frank S. Regan and Mary S. Regan. No redemption was made within twelve months. Appellant was the assignee of a judgment against Frank S. Regan and of another judgment against Mary S. Regan. Executions were issued, and within the time allowed by law appellant redeemed the premises from the foreclosure sale by depositing the redemption money with the sheriff. Thereafter separate levies were made and the real estate was advertised for sale under each execution. Pursuant to the notices the sheriff first offered the premises at public sale to satisfy the judgment against Mary S. Regan. C. K. Welsh, on behalf of William H. Barnes, made a bid as follows: "If it appears that said Mary S. Regan has an undivided one-half interest in said property, he makes a bid of $10,013.61, and if it appears that said Mary S.

Regan owns all the property, he makes a bid of $19,377.85." Appellant objected to the bid on the ground that it did not conform to the way the premises were advertised and that there was nothing in the record to show that Mary S. Regan owned an undivided one-half interest. Nevertheless the sheriff received the bid, and in order to protect his judgment against Mary S. Regan, appellant made a similar but higher bid than that of Welsh. The sheriff next offered the real estate for sale to satisfy the judgment against Frank S. Regan. Welsh made a bid similar in form to his other bid but conditioned on the quantity of interest of Frank S. Regan as owner of the land. Appellant objected to this bid and to protect his judgment made a like bid as before, slightly in excess of the bid of Welsh. Thereupon the sheriff executed and tendered certificates of purchase to appellant. Appellant refused to accept them and demanded that the sheriff execute deeds to him forthwith, pursuant to section 21 of the act relating to judgments, decrees and executions, (Ill. State Bar Stat. 1935, chap. 77, par. 21,) for the reason that no proper bid was made at the sale.

Section 20 of said act provides for a re-sale in case of redemption by a creditor. Section 21 provides that in such case the redeeming creditor shall be considered as having bid the amount of the redemption money so paid by him, with interest at the rate of six per cent per annum from the date of such redemption and sale, and, if no greater amount is bid, the premises shall be struck off to the person making such redemption and the officer shall forthwith execute a deed of the premises to him, and no other redemption shall be allowed.

Appellant contends that the bids at each offering by the sheriff were conditional and were therefore null and void; that appellee had no right or authority to receive or accept them, and that the only legal bids were the statutory bids of appellant under section 21. There is no war-

ranty of title at a judicial or execution sale. The quantity and quality of the title must be at the purchaser's own risk. Whether or not he has actual notice, he has constructive notice of all that appears upon the records. It is his privilege to be fully informed of the state of the title so that he may bid understandingly at the sale. Under the rule of *caveat emptor* it is incumbent upon the bidder, and not upon the officer, to determine the condition of the title, and if he bids he does so with notice that he will take only whatever interest the execution debtor has in the premises. *Roberts* v. *Hughes,* 81 Ill. 130; *Conwell* v. *Watkins,* 71 id. 488; *Bassett* v. *Lockard,* 60 id. 164.

The record does not disclose the interests of Mary S. Regan and Frank S. Regan in the premises. It does not appear whether they were tenants in common, joint tenants, or what interest either of them had therein. It is apparent that under the oral bids in this case the sheriff or someone else would be required to determine the interests of the Regans before Barnes could be compelled to comply with his bids. The sheriff is a ministerial officer. He is not authorized to determine a judicial question as to the interest of an execution debtor in real estate offered for sale by him under execution. His only authority was to offer whatever interest the execution debtors had in the real estate. The bids were not on that basis but were conditioned upon an uncertain state of title in the respective execution debtors.

In *Dewey* v. *Willoughby,* 72 Ill. 250, we held that a constable has no right to receive a conditional bid under an execution sale. The same principle applies to sales by any other ministerial officer. Courts in other jurisdictions have applied the doctrine to sales by sheriffs, guardians, administrators and commissioners in partition suits. (*Nebraska Loan and Trust Co.* v. *Hamer,* 40 Neb. 281; *Johnson* v. *Baum,* 158 Ark. 441; *In re Standwaitie's Estate,* 73 Okla. 255; *Tucker* v. *Leonard,* 144 id. 264; *In re Bradley's Es-*

*tate,* 168 Cal. 655; *Swope* v. *Ardery,* 5 Ind. 213.) Were the rule otherwise such sales would be fruitful sources of prolonged litigation involving judicial questions. The bids being conditional were invalid. This leaves the deposit of the redemption money under section 21 as the only valid bid. Under the provisions of that section appellant was entitled to deeds for the premises forthwith.

Appellee contends that appellant is estopped to demand deeds forthwith because he made the same bids as Welsh except they were larger in amount, and that the premises were struck off to appellant thereunder without objection on his part. His similar bids were made only to protect his interests after the sheriff accepted Welsh's bids over appellant's objection. He refused the tendered certificates, and we observe no ground for an application of the doctrine of estoppel.

Appellee invokes section 26 of the act relating to judgments, decrees and executions, which provides that any joint owner, his representatives or a decree or judgment creditor may redeem the interest of such joint owner in the premises sold on execution or decree upon the payment of his proportion of the amount necessary to redeem the whole. There is no controversy here to which that section and the decisions thereunder are applicable. The question in this case relates to the validity of a conditional bid.

It is suggested that because the petition for *mandamus* was filed less than sixty days after the sale it is fair to assume there was a redemption by another judgment creditor during the sixty-day period. No lawful redemption could have been made, because sections 21 and 23 of said act forbid subsequent redemptions when no greater sum than the redemption money, interest and costs was bid at the sheriff's sale. It is also contended that *mandamus* is not a writ of right, and whether or not it shall be granted rests in the sound discretion of the court. The court's discretion in granting a writ of *mandamus* is not to be exer-

cised arbitrarily, and where a clear legal right to a writ is shown, the applicant is entitled to its issuance. (*People* v. *City of Chicago,* 360 Ill. 25; *People* v. *Western Cold Storage Co.* 287 id. 612; *Illinois Central Railroad Co.* v. *People,* 143 id. 434.) The admitted facts show that appellant was entitled to a deed forthwith from the sheriff upon his statutory bid.

The judgment of the circuit court is therefore reversed and the cause is remanded, with directions to overrule the demurrer and issue the writ.

*Reversed and remanded, with directions.*