202 Cal.App.2d 295 (1962)
Estate of THOMAS G. ROCHE, Deceased. JAMES M. McCABE, as Executor, etc., et al., Petitioners and Respondents,
v.
SHELL OIL COMPANY, Objector and Appellant.
Civ. No. 20125. 
California Court of Appeals. First Dist., Div. Two. 
Apr. 11, 1962.
 A. J. Fabris, N.E. Davis and David D. Ring for Objector and Appellant.
 Robert J. Smith, Eisner & Titchell and Norman A. Eisner for Petitioners and Respondents. *296
 AGEE, J.
 Thomas G. Roche died on September 10, 1959. He owned property at Valencia and 20th Streets in San Francisco, which was under lease to Shell Oil Company. The lease contained an agreement that if the lessor received an offer for the property and decided to accept the same, Shell would be given notice of the offer and have a specified time within which to purchase the property for the same price.
 The executor of the will of decedent commenced proceedings under the Probate Code to sell the property. Shell presented a bid of $46,000. The executor accepted the bid, subject to confirmation by the court. (Prob. Code, 755.) At the hearing, held on April 28, 1961, respondent Jennie Einspruch made a bid of $48,800. Shell's representative stated that Shell was not interested in increasing this bid. The court took the matter under submission and thereafter entered its minute order on June 1, 1961, confirming the sale to Jennie Einspruch (Prob. Code, 785). A formal written order of confirmation was made and filed on June 20, 1961. It recites that "this Order Confirming Sale of Real Property is entered subject to the rights of the Shell Oil Company under said Lease, as Amended."
 On June 8, 1961, the executor notified Shell of the order of June 1, 1961. On June 16, 1961, which was within the time specified in the lease, Shell notified the executor in writing that it had elected to exercise its option to purchase the property for the said sum of $48,800.
 On June 20, 1961, the executor filed a verified petition under section 850 of the Probate Code, reciting the above pertinent facts, and praying that the court order him to transfer and convey the property to Shell. This petition was heard and denied on July 10, 1961. A formal order was thereafter signed and filed on July 17, 1961.
 On June 1, 1961, when the minute order confirming the sale to Einspruch was made, and on June 20, 1961, when the formal order pursuant thereto was signed and filed, there was nothing before the court which would have justified it in not confirming the sale. As stated in Estate of Vezina, 116 Cal.App.2d 438 [254 P.2d 103], at 441: "Under section 785 the court is required to investigate into the necessity for the sale and the advantage therefrom, as ascertained from the return and the evidence. If it finds good reason for the sale, legality and fairness in the conduct of the sale, and that the bid meets certain specified standards, then 'the court shall make an order confirming the sale.' ... The return, and the evidence *297 believed by the trial court, were such that, under the sections, the court's approval was mandatory." (Emphasis added.)
 The Probate Court did not attempt to construe the lease or determine the rights of Shell as lessee, but simply ordered the title transferred to Einspruch "subject to the rights of the Shell Oil Company under said Lease, as Amended." We presume that the executor performed his duty and executed the conveyance to Einspruch as directed by the court order.
 Shell takes no exception to the foregoing, but points out that, as a matter of caution, it included in its notice of appeal an appeal from the minute order of June 1, 1961, and the formal order of June 20, 1961, because the minute order does not expressly recite that the sale confirmation was subject to its rights under the lease. Einspruch concedes in her brief that both orders were made subject to such rights.
 [1] Therefore, the sole issue on this appeal is whether the court was required, as a matter of law, to grant the petition filed under section 850 of the Probate Code. This section provides: "If a person who is bound by contract in writing to convey any real property or to transfer any personal property dies before making conveyance or transfer, and the decedent, if living, might have been compelled to make such conveyance or transfer, ... and the contract is one which can be specifically enforced, the court in which proceedings are pending for the administration of the estate of the decedent may make a decree authorizing and directing the executor or administrator to convey or transfer the property to the person entitled thereto." (Emphasis ours.)
 At the hearing on July 10, 1961, all that the probate court had before it by way of proof was the verified petition of the executor, which merely recited the matters heretofore set forth herein. Although Shell and Einspruch were not parties to the proceeding, their respective counsel were allowed to make statements to the court. The case of Richfield Oil v. Security-First Nat. Bank, 159 Cal.App.2d 184 [323 P.2d 834], was fully discussed. (This was a specific performance action involving similar facts.) Einspruch's counsel made it clear that she was resisting any attempt to divest her of the property. The court was well aware of the remedy open to Shell. It said: "In other words, they [Shell] would have to bring an action for specific performance." The executor states in his brief that he had obtained "the best possible price for the real property in question" and that "this matter is now a *298 controversy between appellant [Shell] and the other respondent [Einspruch]."
 Einspruch is not a mere interloper. She is the one to whom the court has confirmed the sale of the property. She should not be deprived of the opportunity to have her rights fully and fairly tried and determined. The situation presented to the Probate Court was one which almost demanded that the real parties in interest [Shell and Einspruch] have their differences resolved in an independent action, as was done in the Richfield case, supra.
 The use of the word "may" in section 850, instead of "shall" or "must," is significant in determining whether the Probate Court was required to adjudicate the rights of the respective parties herein. Shell admits in its brief that section 850 "is not applicable where the right to specific performance under the contract in question is doubtful." It is Shell's contention that there is no doubt of its right to specific performance and it is Einspruch's contention that there is. The order of the Probate Court denying the petition under section 850 implies that it thought there was such a doubt.
 Shell's position is that the Probate Court had nothing before it upon which it could conclude that there might be some doubt as to Shell's right to specific performance. However, Einspruch was not compelled at that time to put on a showing of what her defense would be in a specific performance action. Nor was the Probate Court required to state its reasons for concluding that an independent action for specific performance, rather than the procedure provided by sections 850 through 853 of the Probate Code, was more appropriate in this particular situation.
 Our attention has not been called to any appellate court decision holding that the Probate Court is required to grant a petition under section 850 in a situation such as that involved herein. [2] Section 850 does not and was never intended to preclude or supersede the remedy of specific performance in an independent action. (O'Donnell v. Lutter, 68 Cal.App.2d 376, 385 [156 P.2d 958].)
 The orders appealed from are and each is affirmed.
 Kaufman, P. J., and Shoemaker, J., concurred.