396 P.2d 13

Royden L. LEBRECHT and Natalie H. Lebrecht, husband and wife, Appellants,

v.

Beatrice Heisley BECKETT, Jennie Stackhouse, Stanley O'Hagan, Earl O'Hagan, Forrest O'Hagan, John P. Collins, John M. Gillette and Frances Ann Gillette, husband and wife, Appellees.

No. 7664.

Supreme Court of Arizona.

En Banc.

Oct. 22, 1964.

Lohse, Donahue & Bloom, Tucson, for appellants.

Cusick, Watkins & Frey, and Vincent E. Odgers, Tucson, for appellee Beatrice Heisley Beckett.

Darness, Holesapple, McFall & Spaid, and John P. Collins, Tucson, for appellees Jennie Stackhouse, Stanley O'Hagan, Earl O'Hagan, Forrest O'Hagan and John P. Collins.

Joseph U. Cracchiolo, Phoenix, for appellees John M. Gillette and Frances Ann Gillette.

STRUCKMEYER, Justice.

Royden and Natalie Lebrecht brought suit for specific performance on an agreement to convey certain real property and to quiet the title thereto. From an adverse judgment rendered summarily in the lower court, this appeal was perfected.

The Lebrechts, on November 12, 1957, entered into an agreement in writing to purchase certain real property from Daniel and Beatrice Beckett. It was then recognized that there were others who claimed an interest in the property adverse to the Becketts. The Becketts, therefore, agreed to bring an action to quiet the legal title. Later, it was further agreed in writing that the Lebrechts would purchase such portion of the property as the court determined belonged to the Becketts and that the sales price would be on a pro-rata basis of the

original purchase price as the Becketts were adjudged to have an interest in the land. Both agreements were recorded in the office of the County Recorder of Pima County, Arizona.

In the action brought by the Becketts, being Cause No. 55325 of Pima County, Arizona, it was determined that an undivided one-sixth interest in the property was held by Jennie Stackhouse and Earl, Stanley and Forrest O'Hagan. After judgment, these owners of the one-sixth interest petitioned the superior court to appoint a trustee to hold the property and sell it and to divide the proceeds in proportion as the respective interest of the parties appeared. The court below granted the petition, appointed a trustee and ordered the property sold. In the meantime the Lebrechts, having learned of the court's action in Cause No. 55325, moved there to intervene. Their motion to intervene was denied and from the order denying their motion the Lebrechts appealed. This Court affirmed, holding that since the provisions of Rule 24(c), Rules of Civil Procedure, 16 A.R.S., had not been followed, the order of the court below denying the motion to intervene was correct. Lebrecht v. O'Hagan, 96 Ariz. 288, 394 P.2d 216.

At the time the Lebrechts moved to intervene in Cause No. 55325, they filed the present action, Cause No. 61721, tendering the balance of the purchase price and asking the Superior Court of Pima County to specifically enforce the contract of purchase between them and the Becketts as to the five-sixth enterest of the Becketts and for a decree quieting title. They further asked that the judgment in Cause No. 55325 be vacated and set aside insofar as it purported to affect their rights and interest. The defendants moved for a summary judgment which was granted, the court below taking the view that action constituted a collateral attack on the judgment in Cause No. 55325.

Appellants, Lebrechts, urge here that the primary purpose of their action was to obtain independent relief based upon rights arising independent of the matters adjudicated in Cause No. 55325, that is, rights which arose out of their contract with the Becketts.

Assuming without deciding that the relief the Lebrechts prayed for insofar as it was addressed to the vacation of the judgment in Cause No. 55325 was a collateral attack on the judgment, still this does not mean that the complaint did not state a claim which would entitle the Lebrechts to have the contract with the Becketts specifically performed and their title quieted. A plaintiff in his complaint may join independent or alternative claims, either legal or equitable, or both. Rule 18(a), Rules of Civil Procedure, 16 A.R.S. He is entitled to all the relief which the facts stated in his complaint justify. Rule 54(d), Rules of

Civil Procedure, 16 A.R.S. Long v. Arizona Portland Cement Co., 89 Ariz. 366, 362 P.2d 741; Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026.

The second agreement between the Lebrechts and the Becketts, dated the 30th day of June, 1958, expressly provided that in the event the judgment of the court (in Cause No. 55325) shall not affirm title in the Becketts to all the land sold by them, they agree to sell and "did sell" all of that portion of the property title "which is or shall be affirmed in them by decree of court" at the pro-rata price which the land awarded to them bore to the total sold under the previous agreement. This agreement, containing as it did unconditional promises to buy and sell, plainly worked a conversion of the property in accordance with the doctrine of equitable conversion—equity treating the vendor as holding the land in trust for the purchaser and the purchaser as trustee of the purchase price for the vendor. See 13 Columbia Law Review 369, Harlan F. Stone, Equitable Conversion by Contract.

The doctrine is founded upon the principle that courts of equity regard the substance and not the mere form of the contract and "consider things directed or agreed to be done, as having been actually performed." Peter v. Beverly, 10 Pet. 532, 563, 35 U.S. 532, 563, 9 L.Ed. 522. The estate created under the doctrine is alienable, descendible and devisable in like manner as real estate held by the legal title. Lewis v. Hawkins, 23 Wall. 119, 125, 90 U.S. 119, 125, 23 L.Ed. 113.

The second agreement of sale was signed by the Becketts during the course of the litigation in Cause No. 55325 and the equitable title to their interest was at least not later than that time transferred to the Lebrechts, the purchasers. Hood v. United States, 9 Cir., 256 F.2d 522; In re Reid's Estate, 26 Cal.App.2d 362, 79 P.2d 451; Persico v. Guernsey, 129 Misc. 190, 220 N.Y.S. 689, affirmed 222 App.Div. 719, 225 N.Y.S. 890. The conversion of the property occurred at the moment of the execution of the contract. Tait v. Dante, 4 Cir., 78 F.2d 303; Rockland-Rockport Lime Co. v. Leary, 203 N.Y. 469, 97 N.E. 43, L.R.A. 1916F, 352, Ann.Cas.1913B, 62. Even though the exact quantity of land was undetermined and could not have been determined until after the judgment in Cause No. 55325, it was a firm commitment to purchase all the Becketts owned.

At the conclusion of the trial and at the time of the entry of judgment in Cause No. 55325, five-sixth of the property adjudged to be owned by the Becketts was then, if not sooner, converted and the Lebrechts became the owners of the equitable interest by reason of the contract. The extent of the conversion, that is, amount of property converted, in question at the time

of the execution of the contract of sale became certain at the time of the judgment. The interest of the vendee under a contract of purchase is an equitable title to the real estate and whoever subsequent thereto takes the legal title takes it subject to the right of the holder of the contract of purchase to enforce the same. Berndt v. Lusher, 40 Ohio App. 172, 178 N.E. 14.

Since the Lebrechts were not party to the litigation in Cause No. 55325, the judgment determined only that the legal title was in the Becketts and the subsequent sale could only concern itself with the sale of the Becketts' interest, being no more than the naked legal title. The superior court could sell only the right, title and interest of the parties to the proceedings. Comer v. John Hancock Mut. Life Ins. Co., 8 Cir., 80 F.2d 413; In re Nebel, D.C., 44 F.2d 849. The purchaser at a judicial sale receives only a quit claim title, In re Vezina's Estate, 116 Cal.App.2d 438, 254 P.2d 103, for a judicial sale operates as a transfer of the existing title and not as an original grant, Strother v. Lucas, 12 Pet. 410, 37 U.S. 410, 9 L.Ed. 1137.

The doctrine of *caveat emptor* applies to judicial sales.

"Under the rule of *caveat emptor* it is incumbent upon the bidder, and not upon the officer, to determine the condition of the title, and if he bids he does so with notice that he will take only whatever interest the execution debtor has in the premises." Dorris v. Johnson, 363 Ill. 236, 239, 2 N.E.2d 74, 76, 104 A.L.R. 629. (Emphasis in original.)

There are instances where the doctrine of *caveat emptor* has been held inapplicable, as where there are secret equities of which the purchaser had no notice, Johnson v. Equitable Securities Co., 114 Ga. 604, 40 S.E. 787, 56 L.R.A. 933. But in the instant case the purchasers at the sale had constructive notice of the Lebrechts' interest by reason of the recordation of the agreements of sale.

The facts pleaded in plaintiffs' complaint in Cause No. 61721 stated a claim for relief which, if established, required the trial court to grant judgment on plaintiffs' prayer for relief, required that the contract be specifically performed and that the title be quieted.

The judgment of the court below is reversed and remanded with directions to proceed in a manner not inconsistent with this decision.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and SCRUGGS, JJ., concurring.