12 Cal.App.3d 1169 (1970)
91 Cal. Rptr. 334
Estate of SAM B. MITCHELL, Deceased.
HAZEL STROBEHN, as Executrix, etc., Petitioner and Respondent,
v.
JACK W. CRUMLEY et al., Claimants and Appellants.
Docket No. 35935.
Court of Appeals of California, Second District, Division Five.
November 23, 1970.
*1170 COUNSEL
Luce, Forward, Hamilton & Scripps and Marshall L. Foreman, Jr., for Claimants and Appellants.
No appearance for Petitioner and Respondent.
OPINION
AISO, J.
This is an appeal by Jack W. Crumley, Marshall L. Foreman, Jr., and Robert E. McGinnis (hereafter referred to as "appellants") from an order of the probate court denying confirmation of a sale of real property which had been made by the executor to the appellants. The order is appealable under Probate Code section 1240.
A sale of the property after due notice was made at a private sale for $13,000; this sum was $1,000 more than the appraised value of the property. A petition requesting that the sale be confirmed was signed and verified by the executrix. It alleged that "The sale was legally made and fairly conducted. It is to the advantage and benefit of the estate and those interested therein, in order to prevent loss to the estate, that the real property hereafter described be sold." On the same date appellants' bid for $13,000 was filed with the court; the bid promised that the full purchase price would be paid before recording of the deed.
(1) When the confirmation came before the court, however, the attorney for the executrix stated orally that one of the heirs objected to the sale because the price was too low. This objection was made in a conversation with him and the executrix and there is nothing in the record referring to it other than the attorney's statement to the probate court. The court refused to confirm the sale and the prospective purchasers have appealed.
The will of the deceased was not made a part of the record, hence we cannot assume that the executrix had express authority to sell the property. *1171 If the will had granted her authority to sell then no showing of "the necessity of the sale, or its advantage or benefit to the estate or to those interested therein" would be necessary. (Prob. Code, § 757; Estate of Flaherty (1924) 69 Cal. App. 429, 430 [231 P. 591].) Therefore we assume the sale was governed by the general provisions in Probate Code section 785: "Upon the hearing the court must examine into the necessity for the sale, or the advantage, benefit and interest of the estate in having the sale made, and must examine the return and witnesses in relation to the sale; and if it appears to the court that good reason existed for the sale, that the sale was legally made and fairly conducted, and complied with the requirements of the previous section, that the sum bid is not disproportionate to the value, and it does not appear that a sum exceeding such bid at least 10 percent on the first ten thousand dollars ($10,000) bid and 5 percent on the amount of the bid in excess of ten thousand dollars ($10,000), exclusive of the expenses of a new sale, may be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; otherwise it shall vacate the sale and direct another to be had, of which notice must be given and the sale in all respects conducted as if no previous sale had taken place...."
Probate Code section 756 requires that written objections to the confirmation of the sale be filed and that after this the court may hear objections. In the present case the only indication of an objection was the executrix' attorney's statement that one of the heirs thought the price was too low. Section 756 requires more than this for a sale to be disrupted after due notice has been given (the verified petition by the executrix stated that due notice had been given) and a petition for confirmation has been filed. Therefore, we conclude that no objection to the sale was properly before the court.
The petition for confirmation verified by the executrix states that the sale is to the advantage and benefit of the estate; it also states that in order to prevent loss to the estate the sale should be made. If Probate Code section 757 does not apply, the court must determine if the requirements of section 785 relating to "necessity" have been met by this allegation in the petition. (Estate of Weaver (1958) 158 Cal. App.2d 367 [322 P.2d 522].)
There is no indication that the appraisal is inaccurate, and the bid price is in excess of the appraisal. Therefore, the bid is valid under Probate Code section 784. Also, no other bid was entered.
In summary, the petition of the executrix and written bid of the purchaser on their face meet all requirements for a sale. There is no valid objection to the sale. In these circumstances the court has no discretion in *1172 the matter and must confirm the sale if it believes the petition to be true. (Estate of Vezina (1953) 116 Cal. App.2d 438, 441 [254 P.2d 103]; cf. Estate of Flaherty (1924) supra, 69 Cal. App. 429 (if Prob. Code, § 757 applies).)
The order appealed from is reversed.
Kaus, P.J., and Reppy, J., concurred.