**BASIN LOANS, INC., Plaintiff and Respondent,**

**v.**

**Merle YOUNG, Utah State Tax Commission, Uintah County, and John Does 1–15, Defendants and Appellant.**

**No. 880082–CA.**

Court of Appeals of Utah.

Nov. 14, 1988.

Harry H. Souvall (argued), Vernal, for defendants and appellant.

Clark B. Allred (argued), Vernal, for plaintiff and respondent.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant Merle Young appeals from entry of summary judgment granting plaintiff Basin Loans, Inc. possession of a horse trailer. Defendant claims that plaintiff failed to perfect its lien on a horse trailer she bought at a sheriff's sale, thus leaving the trailer free of any lien. We affirm the summary judgment.

The events relevant to this dispute began in October 1980, when the Motor Vehicle Division (Division) of the Utah State Tax Commission issued a certificate of title to Scott Jesson for a "1980 WW horse trailer, vehicle identification number (VIN) 84057." In February 1982, plaintiff loaned Jesson $5,576 and received a security interest in the horse trailer. A new title listing plaintiff as first lienholder was then issued by the Division.

On May 5, 1983, the horse trailer was sold by the Uintah County Sheriff in satisfaction of a judgment against Jesson. The praecipe identified the vehicle as "one white four horse trailer, VIN 084057," and the sheriff's return identified it as a "horse trailer." Defendant Young purchased the trailer at the sheriff's sale for the sum of $50. She subsequently applied for, and received, a new certificate of title. Based upon information furnished by defendant in her application, the new title described the trailer as a "1977 specially constructed

horse trailer, VIN 084057;" no lienholder was shown. Defendant submitted supporting documentation in her application for title consisting of the praecipe, sheriff's return, execution of judgment, and an indemnification agreement with a verification by a peace officer.

Plaintiff later learned the trailer had been sold to defendant. Shortly thereafter, Jesson defaulted on his loan and plaintiff attempted to enforce its lien. Defendant Young refused to deliver possession of the horse trailer, and plaintiff instituted suit.

The parties agreed that the horse trailer inconsistently described on the various title documents is, in fact, the same vehicle, although they could not agree on the reason for the inconsistent descriptions. The trial court dismissed defendants Utah State Tax Commission and Uintah County from the action and granted plaintiff's motion for summary judgment. Defendant Young appeals the summary judgment against her.

The trial court found that the horse trailer was sold at a sheriff's sale in conformance with the provisions of Utah R.Civ.P. 69. Subsection (e)(5) of that rule states:

> When the purchaser of any personal property pays the purchase money, the officer making the sale shall deliver the property to the purchaser ... and shall execute and deliver to him a certificate of sale and payment. Such certificate shall state that *all right, title and interest which the debtor had* in and to such property on the day the execution or attachment was levied, and any right, title and interest since acquired, *is transferred to the purchaser.*

Utah R.Civ.P. 69(e)(5) (emphasis added).

■ Thus, a buyer at a sheriff's sale acquires "only such interest as the judgment debtor had in the property sold." *Romero v. State*, 97 N.M. 569, 642 P.2d 172, 176 (1982). It follows that if the interest of the judgment debtor is encumbered by a lien, the buyer takes subject to that lien. This is consistent with *Kimball v.*

*Salisbury*, 19 Utah 161, 56 P. 973 (1899): "The rule of caveat emptor applies to purchases at judicial sales, and the purchaser of said property [takes] it subject to all the infirmities of the proceedings of the sale." *Id.* 56 P. at 977. *See also Lebrecht v. Beckett*, 96 Ariz. 389, 396 P.2d 13 (1964); *Viersen v. Boettcher*, 387 P.2d 133 (Okla. 1963).

Defendant does not dispute this reasoning, but argues that plaintiff failed to perfect its lien on the horse trailer. Defendant further claims that she was a bona fide purchaser for value in that she paid value and had no notice of an adverse claim. As a bona fide purchaser for value, defendant argues that she took the horse trailer free and clear of any lien. We disagree. The record contains ample evidence that plaintiff perfected its lien and that defendant had constructive notice of it.

Defendant claims three defects prevented perfection of the lien: 1) the actual VIN is 084057, not 84057; 2) the horse trailer is actually a 1977, not 1980, model year trailer; and 3) Jesson's title application had no notation that the horse trailer had been specially constructed, as required by Utah Code Ann. § 41-1-22 (1988).

■ Generally, perfection of a lien on motor vehicles not in a dealer's inventory is governed exclusively by the filing and title provisions of the Motor Vehicle Act. *Draper Bank and Trust Co. v. Lawson*, 675 P.2d 1174, 1177 (Utah 1983). An examination of these provisions, now Utah Code Ann. § 41-1-80 to -87.5 (1988) *, offers no guidance as to how accurate a title description must be to perfect a vehicle lien. Although the Uniform Commercial Code, codified as Utah Code Ann. §§ 70A-1-101 to -11-108 (1980), does not govern, we borrow from its rationale in concluding that such descriptions are sufficient if they reasonably identify the vehicle.

Article 9 of the Uniform Commercial Code provides that "[a] description of personal property ... is sufficient whether or

---

* In 1987, the legislature amended Utah Code Ann. § 41-1-80 to -86, as cited in *Draper*, to clarify language and to eliminate the requirement for filing a copy of the lien instrument on registered vehicles.

not it is specific if it reasonably identifies what is described." Utah Code Ann. § 70A-9-110 (1980). Further, "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Utah Code Ann. § 70A-9-402(9) (1980). *See generally,* 100 A.L.R.3d 10 (1980).

In *Adams v. Nuffer*, 550 P.2d 181 (Utah 1976), the Utah Supreme Court held that a minor defect in a description did not defeat an otherwise valid security interest in a boat. In that case, a financing statement submitted to a bank by a boat manufacturer inaccurately described the boat in which the bank claimed a security interest. The boat was identified as a "Seaflite 2200 Offshore # D.M.F.A. 0082 M-*75* L" when it should have been a "Seaflite 2200 Offshore # D.M.F.A. 0082 M-*74* L." *Id.* at 182. The court held that the security interest was valid because the description reasonably identified the subject property.

In the instant case, the title certificate that listed plaintiff as lienholder reasonably identified the secured property. The most important identifying factor—the serial number—was essentially the same in both title certificates. Neither a zero omitted from the left side of the serial number, nor a three-year discrepancy in the model year of the horse trailer is seriously misleading. Likewise, there is nothing under Utah Code Ann. §§ 41-1-80 to -87.5 to indicate that the omission of a "special construction" notation taints the validity of a lien. We conclude that none of the alleged defects, separately or together, invalidate plaintiff's lien.

■ Since the "perfection of a lien on [a vehicle] depends upon the appearance of the lien interest on the vehicle's certificate of title," *Draper,* 675 P.2d at 1177, we conclude that plaintiff properly recorded its security interest. To conclude otherwise would penalize plaintiff for having done everything it could do under the law to perfect its lien.

■ Because plaintiff perfected its lien, defendant is deemed to have had constructive notice of it. "Constructive notice is a legal inference or presumption by which, for promotion of sound policy or purpose, the legal rights and interests of parties are treated as though they had actual notice or knowledge." *American Sec. Bank v. Read Realty, Inc.,* 616 P.2d 237, 241 (Haw. App.1980). Utah Code Ann. § 41-1-85 (1988) provides that "[t]he filing and issuance of a new certificate of title ... constitute constructive notice of all liens and encumbrances against the vehicle ... to subsequent purchasers...." Thus, the title which showed plaintiff as having a perfected lien against the property described was constructive notice to any subsequent purchaser of the property, including defendant.

The date of constructive notice, at the latest, is from the time of receipt and filing of the required documents by the Division. Utah Code Ann. § 41-1-86 (1988). The record reveals that an application for a new certificate of title evidencing plaintiff as lienholder was received by the Division on February 18, 1982. As this was more than a year prior to the sheriff's sale in question, plaintiff had provided timely statutory notice to defendant.

We hold that defendant purchased the horse trailer subject to plaintiff's lien. The decision of the trial court is affirmed. Costs to plaintiff.

BILLINGS and ORME, JJ., concur.