**COLONIAL TRUST COMPANY,**
Appellant,

v.

George GOGGIN, Trustee in Bankruptcy of the Estate of Intercontinental Airways, Inc., Appellee.

No. 14557.

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1955.

Overton, Lyman, Prince & Vermille, Dan Brennan, Los Angeles, Cal., for appellant.

Craig, Weller & Laugharn, C. E. H. McDonnell, Thomas S. Tobin, Frank C. Weller, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and TAYLOR, District Judge.

JAMES ALGER FEE, Circuit Judge.

Intercontinental Airways, Inc., filed a petition under Chapter XI, 11 U.S.C.A. § 701 et seq., and George Goggin, by consideration of the Bankruptcy Court, was appointed Trustee of the estate pending administration. In this proceeding, Colonial Trust Company filed a petition for reclamation of a C–46 aircraft then in possession of the Trustee as a part of the assets of this estate.

A short résumé of the facts taken from the record is hereinafter set forth. Colonial Trust Company leased to American Airways, Inc., by written agreement, this C–46 aircraft on August 30, 1951. Colonial Trust Company had no dealings with Intercontinental Airways, Inc., direct, but the latter, at the request of Air America, Inc., U. S. Airlines and various individuals, took the aircraft into its possession and performed work thereon

in Los Angeles County, State of California, for which it claims a lien. Intercontinental knew that Colonial Trust was the owner of the aircraft, but made no attempt to secure written or oral consent of that company for the work or the lien and did not notify Colonial Trust of the contemplated work.

When Intercontinental was adjudicated, Goggin as Trustee, took possession of this aircraft. Testimony was taken upon the petition of Colonial Trust for reclamation, and the Referee on the disputed facts held as a matter of law that the aircraft was subject to an "equitable lien" for the work performed by the bankrupt. Through a petition for review, the matter was brought before the United States District Court and there denied, and the order of the Referee was affirmed. From these orders of the District Court affirming the order of the Referee, appeal has been prosecuted by Colonial.

The attempt of the Referee to do equity, which was affirmed by the District Court, works out about as well as such attempts usually do. Before a tribunal can administer absolute justice, it should be in possession of attributes of omniscience and omnipotence. These are not usually possessed by referees. The measure of the Referee's foot is not the standard of adjudication as that of the Chancellor formerly was. The Referee sought to apply the equitable maxim that "He who seeks equity must do equity." Actually, here the claim of Colonial was for a legal right, namely, the possession of its property, title to which the Trustee admits is in Colonial. If it were not for the intervention of bankruptcy, Colonial could have tendered $250.00 to Intercontinental and, upon refusal of the tender, have brought action at law. By permission of the court, the receiver could have been a defendant in such an action. The mere fact that Colonial submitted its claim to the Referee in Bankruptcy did not indicate that there was any intention on its part that the adjudication of its title and right to possession should proceed upon such abstract theory of justice which might be entertained by an oriental cadi.

The theory of the Referee appears in a sentence of the opinion:

"It appears to the Referee that it would be unconscionable if the petitioner were to get back its plane without paying the repair and reasonable storage charges. If petitioner does not pay it will fail to do the equity required and will be unjustly enriched. The bankruptcy court is not bound to follow the California law above cited when determining, as a matter of equity, what is the just and proper thing to do."

This is an erroneous approach. The law of the state of California is paramount upon this question.

There is no dispute of fact. Only one question of law is involved. Did the Trustee have an equitable lien on the C–46 Curtis Wright aircraft?

■■ In the opinion of the Referee, it was concluded that there was no "legal lien" which could be enforced by the receiver in bankruptcy as against Colonial. It is familiar law that a mechanic's lien for work and labor expended upon an article, even if possession be retained, is contrary to the concepts of the common law, with the exception of the customary liens such as that of the agister. In the State of California, there is no basis for a lien except as provided by the California Code of Civil Procedure. Certain sections deal directly with aircraft: §§ 1208.61 and 1208.62. These provisions expressly declare the lien is limited to $250.00 (unless actual notice is given to the legal owner) where the work or services were rendered or performed at the request of any person other than the holder of the legal title. In another section of the California Civil Code a lien is provided for a person doing work on an article of personal property, but this is limited to $100.00 if actual notice be not given to the legal owner. Civ.Code, §§ 3051, 3051a.

■ The question of whether there can be a lien by virtue of the existence of the Civil Aeronautics Act of June 23, 1938, ch. 601, 52 Stat. 977, 49 U.S.C.A. §§ 401–705, has also been argued by appellant. However, inasmuch as Colonial seems to have made apparent its willingness to pay at least $250.00, the Court does not find it necessary to pass upon this question otherwise than to say that, where an article of personal property of whatever character is in possession of one who has expended work and labor thereon at the request of a person lawfully in possession, the domestic law of the place of possession governs as to the extent and character of the lien.

The Referee flies in the face of the opinion of Judge Yankwich, which he cites. What is there said is applicable here:

"In the case before us, the Referee was induced to disregard binding California law entirely. His memorandum opinion fully demonstrates this. * * *—he proceeds to determine that the lease-contract violates Section 2980 of the Civil Code of California without referring to any cases interpreting the section or defining execution and ignoring * * * even those which were cited to him in the briefs. He bases his decision on his inferences from facts. As to the law, he contents himself with a reference to the rather nebulous 'equity powers of the bankruptcy court'. * * * Cases depending on statutory interpretation cannot be determined by general references to bankruptcy powers." In re Quartz Crystal Products Co., D.C., 71 F.Supp. 949, 950.

These remarks, which the Referee gave a specious reason for ignoring, are applicable in the case at bar. The Referee attempted to apply the equitable doctrine of "clean hands." But a person has a right to reclaim his own property from one who illegally has possession of it or withholds possession of it even though sensitive souls may conceive his conduct inequitable. There is no legal or equitable principle either which says that a person who has expended labor and materials upon property which he knows belongs to another without the consent of the owner is entitled to withhold the property, charge rent for storing it or be paid for his trouble.

■■ When the Referee determined that appellant was the legal owner and that there was no "legal lien," he settled the case in favor of Colonial. These principles are well established.

" ' "It has not, however, plenary jurisdiction in equity, but is confined, in the application of the rules and principles of equity, to the jurisdiction conferred upon it by the provisions of the Bankruptcy Act, reasonably interpreted. * * * The plain mandate of the law cannot be set aside because of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence." ' " United States v. Killoren, 8 Cir., 119 F.2d 364, 366.

"Rules of equity cannot be intruded in matters that are plain and fully covered by positive statute * * *. Neither a fiction nor a maxim may nullify a statute * * *. Nor will a court of equity ever lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly * * *." Lass v. Eliassen, 94 Cal.App. 175, 179, 270 P. 745, 747.

■ The findings of fact of the Referee are approved. The judgment and order of the District Court are reversed and the cause remanded with directions to turn the aircraft in question over to Colonial upon the payment by it of $250.-00 to the receiver. Costs in this Court and in the court below are awarded to Colonial.

Reversed.